UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 98-10067-CIV-PAINE

JERRY JOHNSON,

    Plaintiff,

vs.

KIRK ZUELCH, in his official
capacity as State Attorney for
the Sixteenth Judicial Circuit
in and for the State of Florida; and
RICHARD ROTH, in his official
capacity as the Sheriff of Monroe
County,

    Defendants.
_____/



FILED by SR D.C.
MAR 24 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## OMNIBUS ORDER

THIS CAUSE comes before the Court upon Defendant Kirk Zuelch's Motion to Dismiss Counts I, II and III of Plaintiff's First Amended Complaint, filed August 23, 1999; and Defendant Richard Roth's Motion to Dismiss Counts I, II and III of Plaintiff's First Amended Complaint, filed August 19, 1999; and Defendants Zuelch and Roth's Motion for Summary Judgment as to Counts IV and V, filed October 13, 1999. For the reasons discussed below, all three motions will be granted.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jerry Johnson ("Johnson") asserts that, for personal reasons, he left his employment as a police officer with the City of Key West Police Department ("the Police Department") and moved

home to Georgia. Johnson claims that, in order to assist with pending cases, he gave the Police Department his forwarding address and remained in contact with the Police Department and the State Attorney's Office.

Apparently in connection with one of these pending cases and as a result of the concerted efforts of members of the State Attorney's Office and the Monroe County Sheriff's Department, Johnson was allegedly wrongfully: (1) physically detained, (2) transported from Georgia to Florida in handcuffs, (3) delivered to the custody of the Monroe County Jail, (4) placed in an inmate uniform, (5) confined in a jail cell in close proximity to inmates he had previously arrested, and (6) imprisoned for three days. Ultimately, Johnson was released upon the granting of his emergency petition for writ of habeas corpus.

As currently configured, Johnson has a seven-count First Amended Complaint against Defendants Kirk Zuelch ("Zuelch"), in his official capacity as the State Attorney for the Sixteenth Judicial District of the State of Florida; and Richard Roth ("Roth"), in his official capacity as the Sheriff in and for Monroe County.[1] Johnson seeks damages for false arrest (Counts I and IV), false

---

[1] A suit against defendants Roth and Zuelch in their official capacities is in legal effect an action against the government entities of which they are officers.

imprisonment (Counts II and V) and violation of due process (Count III).[2] In the instant Order, the Court addresses Zuelch and Roth's motions to dismiss Counts I, II and III, and motion for summary judgment as to Counts IV and V.

## DISCUSSION

### I. Motions to Dismiss Counts I, II and III

#### A. Standard of Review

To state a claim, Fed.R.Civ.P. 8(a) requires, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." The court must "take the material allegations of the complaint and its incorporated exhibits as true, and liberally construe the complaint in favor of the Plaintiff." Burch v. Apalachee Community Mental Health Servs., Inc., 840 F.2d 797, 798 (11th Cir. 1988) (citation omitted), aff'd, 494 U.S. 113 (1990). Moreover, consideration of matters beyond the four corners of the complaint is improper in the context of a motion to dismiss. Milburn v. United States, 734 F.2d 762 (11th Cir. 1984).

The law in this Circuit is well-settled that "the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set

---

[2] Counts I, II and III are asserted pursuant to federal law. Counts IV and V are pendent state law claims.

of facts in support of his claim which would entitle him to relief.'" SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)), cert. denied, 486 U.S. 1055 (1988). The moving party bears a heavy burden. St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 953 (11th Cir. 1986).

**B. Analysis**

Zuelch and Roth seek dismissal of Counts I, II and III, asserting that Johnson failed to adequately allege the existence of a government policy, practice or custom that was the cause of his alleged constitutional injuries.[3]

As discussed more fully in the Court's July 23, 1999, Order Granting in Part Motions to Dismiss, in order to state a claim against Roth and Zuelch, in their official capacities, Johnson must allege that each injury complained of was caused by the "execution of a government's policy or custom." Monell v. Department of Social Services, 436 U.S. 658 (1978). Indeed, the execution of this policy, practice or custom must be the "moving force of the constitutional violation" at issue. Id.; see also Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986); Brown v. City of Ft.

---

[3]This issue initially was raised in the Defendants' prior motions to dismiss. See the Court's July 23, 1999, Order Granting in Part Motions to Dismiss.

4

Lauderdale, 923 F.2d 1474 (11th Cir. 1991).

As the Court pointed out in its prior Order, boilerplate allegations of government policy, practice or custom, without supporting facts, are insufficient to sustain a § 1983 claim against a either Roth or Zuelch. Upon a review of the instant Complaint, it appears that Johnson is not attempting to allege the existence and execution of an unconstitutional official policy. Rather he appears to assert section 1983 liability by way of customs or practices employed by Zuelch an Roth.

The Supreme Court has advised that, in a case where "the policy of a governmental entity" is argued to exist through an informal custom or practice, a single isolated incident of a constitutional violation by an employee is insufficient to establish a custom or practice." City of Oklahoma v. Tuttle, 471 U.S. 808 (1985). Moreover, in a case in which section 1983 liability was asserted based on a government practice or custom, the Eleventh Circuit admonished that:

> [In order to] establish a practice or custom, it is generally necessary to show a persistent and widespread practice. . . . Normally, random acts or isolated incidents are insufficient to establish a custom or practice.

Depew v. City of St. Marys, 787 F.2d 1496, 1499 (11th Cir. 1986)

Therefore, based on the aforementioned and related case law, a plaintiff faces a significant burden when seeking to impose

5

municipal liability under section 1983. In order to survive the instant motions to dismiss, with respect to each Count, Johnson must have alleged (1) that a custom or practice exists; (2) that the custom or practice was the moving force behind the alleged constitutional violation; and (3) that there is a direct causal link between the constitutional violation and the custom or practice alleged.

Although, Johnson did add some new factual allegations in the instant Complaint, it is largely a recital of the allegations previously found to be insufficient, together with conclusory allegations of unrelated and isolated actions by the defendants.[4] Indeed, with respect to counts I and II,[5] the First Amended Complaint is utterly devoid of any allegations of a prior or existing practice or custom of unlawfully procuring or detaining trial witnesses. Similarly, with respect to Count III, Johnson failed to make factual allegations in support of a prior or existing practice or custom of unlawfully detaining trial witnesses

---

[4] He enumerates alleged 'bad' actions by the defendants. However, none of these alleged actions can be associated with the facts of this case.

[5] In Count I, Johnson asserts a claim for false arrest under 42 U.S.C. § 1983. In Count II, he asserts a claim for false imprisonment under the same section. The pleading requirements and standards to which Johnson is bound in Count I are the same as those required in Count II. Therefore, the Court will address the two counts simultaneously.

6

or any other "arrestees" without the constitutionally mandated initial hearing. Therefore, as to Counts I, II and III, the Plaintiff has again failed to allege Roth or Zuelch's municipal liability under 42 U.S.C. § 1983. Accordingly, the motions to dismiss will be granted.

## II. Motion for Summary Judgment as to Counts IV and V[6]

### A. Standard of Review

In deciding a summary judgment motion, a court must apply the standard stated in Fed.R.Civ.P. 56(c):

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In applying this standard, the Eleventh Circuit has stated that:

> The party seeking summary judgment bears the exacting burden of demonstrating that there is no genuine dispute as to any material fact in the case. In assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be

---

[6]The Court observes that the Plaintiff failed to respond to the motion for summary judgment. Southern District of Florida Local Rule 7.1.C states that "[e]ach party opposing a motion shall serve and file an opposing memorandum of law not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure." Failure to respond to a motion "may be deemed sufficient cause for granting the motion by default." Accordingly, the Court could grant the motion by default. Nevertheless, the Court will address the motion on its merits.

resolved in favor of the non-movant.

Clemons v. Dougherty County, Ga., 684 F.2d 1365, 1368-69 (11th Cir. 1982) (citations omitted); see also Tisdale v. United States, 62 F.3d 1367, 1370 (11th Cir. 1995). Moreover, "the party opposing the motion for summary judgment bears the burden of responding only after the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The United States Supreme Court has provided significant additional guidance as to the evidentiary standard which trial courts should apply in ruling on a motion for summary judgment:

> [The summary judgment] standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. Brady v. Southern R. Co., 320 U.S. 476, 479-480 (1943).

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The Court in Anderson further stated that "[t]he mere existence of a scintilla of evidence in support of the position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Id. at 252.

### B. Analysis

Zuelch and Roth assert that Johnson failed to comply with the

8

conditions precedent to his state law claims.[7] As noted above, Counts IV (false arrest) and V (false imprisonment) of the First Amended Complaint, sound in state tort law. As such, they are governed by Fla. Stat. § 768.28, Florida's limited waiver of sovereign immunity for tort actions.

Failure to comply with the notice requirements of section 768.28 bars an action for false arrest or false imprisonment against a State Official, sued in his official capacity. See Lloyd v. Ellis, 520 So.2d 59 (Fla. 1st Dist. Ct. App. 1988); Jozwiak v. Leonard, 504 so.2d 1260 (Fla. 1st dist. Ct. app. 1986).

Further, because section 768.28 is a statutory waiver of sovereign immunity, it must be strictly construed. See Smart v. Monge, 667 So.2d 957, 959 (Fla. 2nd Dist. Ct. app. 1996), citing Levine v. Dade County Sch. Bd., 442 So.2d 210 (Fla. 1983). Based upon the plain language of the statute, Johnson was required to provide written notice of a claims to the Florida Department of Insurance. Moreover, the burden was on Johnson to ensure that such notice was received within the three-year statutory notice period.

It is undisputed that although such notice was mailed within

---

[7]They initially raised this issue in motions to dismiss. At that time, the Court was constrained to accept the Plaintiff's allegations as true, and denied the motions but encouraged the filing of a supported motion for summary judgment on this issue. See the Court's July 23, 1999, Order Granting in Part Motions to Dismiss.

9

the three-year period on July 23, 1997, it was not received until after the period had expired, on August 19, 1997. Thus, Johnson failed to give the Florida Department of Insurance timely written notice of his claims as required by Fla. Sta. 768.28. Accordingly, this unopposed motion for summary judgment will be granted.

## CONCLUSION

In accordance with the forgoing analysis, it is hereby ORDERED AND ADJUDGED as follows:

(1) Defendant Kirk Zuelch's Motion to Dismiss Counts I, II and III of Plaintiff's First Amended Complaint, filed August 23, 1999, is GRANTED;

(2) Defendant Richard Roth's Motion to Dismiss Counts I, II and III of Plaintiff's First Amended Complaint, filed August 19, 1999, is GRANTED; and

(3) Defendants Zuelch and Roth's Motion for Summary Judgment as to Counts IV and V, filed October 13, 1999, is GRANTED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 24th day of March, 2000.

_____
JAMES C. PAINE
UNITED STATES DISTRICT JUDGE

c:   Michael Barnes, Esq.
     Richard A. Giuffreda, Esq.
     Dirk Smits, Esq.